## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICKEY GRIFFITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:10-cv-00126-MJR-CJP |
| v. | ) | |
| | ) | Judge Reagan |
| CREDIT COLLECTION | ) | Magistrate Judge Proud |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, RICKEY GRIFFITH, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, CREDIT COLLECTION SERVICES, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      RICKEY GRIFFITH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Belleville, County of St. Clair, State of Illinois.

5.      CREDIT COLLECTION SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois.  Defendant is incorporated in the State of Massachusetts.

6.      In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV.   ALLEGATIONS

9.      On or about September 1, 2009, Plaintiff received a telephone call from \a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

10.     The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11.     In or around October, 2009, Defendant initiated multiple calls to Plaintiff causing Plaintiff's telephone to ring more than ten (10) times in a single week.

12.     In or around October, 2009, during the course of a telephone call between Defendant and Plaintiff, Defendant stated, "Listen, you son of a bitch."

13.     In or around October, 2009, during the course of a telephone call between Defendant and Plaintiff, Defendant told Plaintiff that if he did not pay the debt he allegedly owed, Defendant would initiate a lawsuit against him.

14.     Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

15.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

16.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

17.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

18.     In or around October, 2009, Defendant initiated a telephone call to Plaintiff and stated that it was calling from Defendant but failed to provide Plaintiff with their name.

19.     On or about October 9, 2009, Plaintiff faxed to Defendant a request that it cease and desist further communication with him.

20.     On or about October 28, 2009, Plaintiff mailed to Defendant a request that it cease and desist further communication with him.

21.     In his correspondence to Defendant, Plaintiff advised Defendant that he was represented by counsel and he specifically apprised Defendant of counsel's name, address and telephone number.

22.     Counsel has not failed to respond to any communication from Defendant.

23.     Despite being advised that Plaintiff is represented by counsel and despite being sent a cease and desist letter by mail and by fax, on or about December 1, 2009, Defendant again started to initiate telephone calls to Plaintiff.

24.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

c. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

e. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

f. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

g. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

**V.     JURY DEMAND**

26.     Plaintiff hereby demands a trial by jury on all issues so triable.

**VI.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RICKEY GRIFFITH, by and through his attorneys, respectfully

prays for judgment as follows:

a.     All actual compensatory damages suffered;

b.     Statutory damages of $1,000.00;

c.     Plaintiff's attorneys' fees and costs;

d.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**RICKEY GRIFFITH**

By:     s/ David M. Marco
Attorney for Plaintiff

Dated: February 16, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us

5